UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CAPNA IP CAPITAL LLC, | Civil Action No. 23-cv-281 |
| Plaintiff, | COMPLAINT FOR PATENT INFRINGEMENT |
| v. | JURY DEMAND |
| ETZ HAYIM HOLDINGS, S.P.C., | |
| Defendant. | |

Plaintiff Capna IP Capital LLC ("Capna" or "Plaintiff"), files this Complaint for Patent Infringement against ETZ Hayim Holdings, S.P.C., doing business as Lazarus Naturals ("Lazarus Naturals" or "Defendant"), and would respectfully show the Court as follows:

**PARTIES**

1. Plaintiff is a California limited liability company having an address located at 12400 Ventura Blvd, #635, Studio City, California 91604.

2. Defendant is a Washington social purpose corporation with a principal address at 1116 NW 51st Street, Seattle, Washington 98107. Defendant may be served via its registered agent at Northwest Registered Agent, LLC, 522 Riverside Avenue, Suite N, Spokane, WA 99201-0580.

3. On information and belief, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in

COMPLAINT - 1
Civil Action No. 23-cv-281
AIPI-6-0001P001 CMP

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

the United States, including in the Western District of Washington, and otherwise directs infringing activities to this District in connection with its products and services.

## JURISDICTION

4. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

5. This United States District Court for the Western District of Washington has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Washington.

6. Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Washington.

7. Defendant has committed acts of infringing the patents-in-suit within this District and the State of Washington by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Washington, products claimed by the patents-in-suit, including without limitation products made by practicing the claimed methods of the patents-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Washington. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Washington.

COMPLAINT - 2
Civil Action No. 23-cv-281
AIPI-6-0001P001 CMP

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

8. This Court has personal jurisdiction over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Washington and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Washington and this District. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Western District of Washington that Defendant knew would be used within this District, and by soliciting business from the residents of the Western District of Washington. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at 1116 North West 51st St, Seattle, Washington 98107, and directly and through agents regularly does, solicits, and transacts business in the Western District of Washington. Also, Defendant has hired within this District for positions that, on information and belief, relate to infringement of the patents-in-suit. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Washington.

9. This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising within this District, Defendant has also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

10. The amount in controversy exceeds $75,000 exclusive of interests and costs.

11. Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. Further, upon information

COMPLAINT - 3
Civil Action No. 23-cv-281
AIPI-6-0001P001 CMP

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendant has regular and established places of business throughout this District, including at least at 1116 North West 51st St, Seattle, Washington 98107.

## THE PATENTS-IN-SUIT

12. On December 17, 2019, United States Patent No. 10,507,407 ("the '407 Patent"), entitled "Methods to reduce chlorophyll co-extraction through extraction of select moieties essential oils and aromatic isolates" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '407 Patent claims patent-eligible subject matter and is valid and enforceable. Capna is the exclusive owner by assignment of all rights, title, and interest in the '407 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '407 Patent. Defendant is not licensed to the '407 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '407 patent whatsoever. A true and correct copy of the '407 patent is attached hereto as **Exhibit A**.

13. On October 27, 2020, United States Patent No. 10,814,248 ("the '248 Patent"), entitled "Methods to reduce chlorophyll co-extraction through extraction of select moieties essential oils and aromatic isolates" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '248 Patent claims patent-eligible subject matter and is valid and enforceable. Capna is the exclusive owner by assignment of all rights, title, and interest in the '248 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '248 Patent. Defendant is not licensed to the '248 Patent, either expressly or implicitly, nor do they enjoy or benefit from

COMPLAINT - 4
Civil Action No. 23-cv-281
AIPI-6-0001P001 CMP

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

any rights in or to the '248 patent whatsoever. A true and correct copy of the '248 patent is attached hereto as **Exhibit B**.

14. The '407 Patent and the '248 Patent are referred to herein as the "patents-in-suit."

15. Plaintiff Capna is the owner of the entire right, title, and interest in and to the patents-in-suit. The patents-in-suit are presumed valid under 35 U.S.C. § 282.

## ACCUSED INSTRUMENTALITIES

16. The term "Accused Instrumentalities" or "Accused Products" refers to, by way of example and without limitation, Lazarus's cold ethanol extraction system (*e.g.* https://www.lazarusnaturals.com/blog/post/a-peek-into-the-lazarus-naturals-extraction-process).

## COUNT I
## PATENT INFRINGEMENT OF THE '407 PATENT

17. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

18. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '407 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

19. On information and belief, Defendant has made no attempt to design around the claims of the '407 Patent.

20. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '407 Patent were invalid.

21. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Washington, including in this District.

COMPLAINT - 5
Civil Action No. 23-cv-281
AIPI-6-0001P001 CMP

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

22. Capna has been damaged as the result of Defendant's infringement.

23. The claim charts attached hereto as **Exhibit C** describes how the elements of an exemplary claim 1 from the '407 Patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

## COUNT II
## PATENT INFRINGEMENT OF THE '248 PATENT

24. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

25. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '248 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

26. On information and belief, Defendant has made no attempt to design around the claims of the '248 Patent.

27. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '248 Patent were invalid.

28. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Washington, including in this District.

29. Capna has been damaged as the result of Defendant's infringement.

COMPLAINT - 6
Civil Action No. 23-cv-281
AIPI-6-0001P001 CMP

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

30. The claim charts attached hereto as **Exhibit D** describes how the elements of an exemplary claim 1 from the '248 Patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Capna respectfully requests the following relief:

A. A judgment that Defendant has directly infringed either literally and/or under the doctrine of equivalents and continue to directly infringe the patents-in-suit;

B. A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284 including past damages based on, *inter alia*, any necessary compliance with 35 U.S.C. §287, treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

C. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

D. A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

E. A judgment and order awarding a compulsory ongoing royalty;

F. A judgment and order awarding Plaintiff costs associated with bringing this action; and

G. Such other and further relief as the Court deems just and equitable.

COMPLAINT - 7
Civil Action No. 23-cv-281
AIPI-6-0001P001 CMP

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

**JURY TRIAL DEMANDED**

Pursuant to FED. R. CIV. P. 38, Plaintiff Capna hereby demands a trial by jury on all issues so triable.

DATED February 28, 2023.

LOWE GRAHAM JONES<sup>PLLC</sup>

s/David A. Lowe, WSBA No. 24453
   Lowe@LoweGrahamJones.com
s/Lawrence D. Graham, WSBA No. 25402
   Graham@LoweGrahamJones.com
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
T: 206.381.3300

Of Counsel (*pro hac vice* to be filed):

R. Scott Rhoades
Sanford Warren
WARREN RHOADES<sup>LLP</sup>
2909 Turner Warnell Rd., Suite 131
Arlington, TX 76001
T: 972.550.7500

*Attorneys for Capna IP Capital LLC*

COMPLAINT - 8
Civil Action No. 23-cv-281
AIPI-6-0001P001 CMP

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301