UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAPNA IP CAPITAL LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>ETZ HAYIM HOLDINGS, S.P.C.,<br><br>  Defendant. | C23-0281 TSZ<br><br>ORDER |

## I. INITIAL SCHEDULING DATES

The Court SETS the following dates for initial disclosure and submission of the Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | April 18, 2023 |
| Initial Disclosures Pursuant to FRCP 26 (a)(1): | May 2, 2023 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f), Local Civil Rule 26(f), and Local Patent Rule 110: | May 2, 2023 |

The deadlines above may be extended only by the Court. Any request for an extension should be made telephonically by calling chambers at 206-370-8830. If defendant has appeared, the parties are directed to meet and confer before contacting the Court to request an extension.

ORDER - 1

## II.  JOINT STATUS REPORT & DISCOVERY PLAN

All counsel and any pro se parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by **May 2, 2023**. This conference shall be by direct and personal communication, whether that be a face-to-face meeting or a telephonic conference.  The Report will be used in setting a schedule for the prompt completion of the case.  It must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.

2. A proposed deadline for the joining of additional parties.

3. The parties have the right to consent to assignment of this case to a full-time United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Local Rule MJR 13, to conduct all proceedings.  The Western District of Washington assigns a wide range of cases to Magistrate Judges.  The Magistrate Judges of this District thus have significant experience in all types of civil matters in our court.  Additional information about our District's Magistrate Judges can be found at www.wawd.uscourts.gov.  The parties should indicate whether they agree that a Magistrate Judge may conduct all proceedings including trial and the entry of judgment.  When responding to this question, the parties should respond "yes" or "no."  Individual party responses should not be provided.  A "yes" response should be indicated only if all parties consent.  Otherwise, a "no" response should be provided.

4. A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items in Fed. R. Civ. P. 26(f)(3), which includes the following topics:

    (A)    initial disclosures;

    (B)    subjects, timing, and potential phasing of discovery;

    (C)    electronically stored information;

    (D)    privilege issues;

    (E)    proposed limitations on discovery; and

    (F)    the need for any discovery related orders.

5. The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:

    (A)    prompt case resolution;

    (B)    alternative dispute resolution;

    (C)    related cases;

    (D)    discovery management;

    (E)    anticipated discovery sought;

    (F)    phasing of motions;

    (G)    preservation of discoverable information;

    (H)    privilege issues;

    (I)    Model Protocol for Discovery of ESI; and

    (J)    alternatives to Model Protocol.

ORDER - 3

6. The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all additional items set forth in Local Patent Rule 110, which includes the following topics:

    (A) Any proposed modification of the deadlines provided for in the Local Patent Rules, and the effect of any such modification on the date and time of the Claim Construction Hearing, if any;

    (B) Whether confidentiality concerns affect the disclosures contemplated in the Local Patent Rules and, if so, the parties' position on how they should be addressed;

    (C) Whether and/or when a tutorial might be scheduled to assist the Court to understand the underlying technology;

    (D) Whether discovery should be allowed before the disclosures required by Local Patent Rule 120;

    (E) Whether any party plans to bring a motion for preliminary injunction or a dispositive motion before the Claim Construction Hearing and, if so, the nature of such motion;

    (F) The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses;

    (G) Whether the Court should appoint an expert to hear and make recommendations on claim construction issues;

        (H)     The nature of the Claim Construction Hearing (*e.g.*, an evidentiary hearing);

7. The date by which discovery can be completed.

8. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.

9. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.

10. Any other suggestions for shortening or simplifying the case.

11. The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.

12. Whether the trial will be jury or non-jury.

13. The number of trial days required.

14. The names, addresses, and telephone numbers of all trial counsel.

15. The dates on which the trial counsel may have complications to be considered in setting a trial date.

16. If, on the due date of the Report, all defendants or respondents have not been served, counsel for the plaintiff shall advise the Court when service will be effected and why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

ORDER - 5

17. Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.

18. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1.

If the parties are unable to agree to any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed. If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify the Court by telephone at 206-370-8830.

### III.  PLAINTIFF'S RESPONSIBILITY

This Order is issued at the outset of the case, and a copy is sent by the Clerk to counsel for plaintiff (or plaintiff, if pro se) and any defendants who have appeared. Plaintiff's counsel (or plaintiff, if pro se) is directed to serve copies of this Order on all parties who appear after this Order is filed. Such service shall be accomplished within seven (7) days after each appearance. Plaintiff's counsel (or plaintiff, if pro se) will be responsible for starting the communications needed to comply with this Order.

### IV.  PROCEDURAL INFORMATION

The Local Rules, Electronic Filing Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders can be found on the Court's website at www.wawd.uscourts.gov.

## V.  EARLY SETTLEMENT CONSIDERATION
## AND NOTIFICATION

If the parties reach a settlement in principle, counsel shall immediately notify the Court at 206-370-8830.

The parties are responsible for complying with the terms of this Order.  The Court may impose sanctions on any party who fails to comply fully with this Order.

Dated this 3rd day of March, 2023.

　　　　　　　　　　　　　　　　　　　　Thomas S. Zilly
　　　　　　　　　　　　　　　　　　　　United States District Judge

ORDER - 7